CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2009 DEC 17 PM 4: 34

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVIE ROBERSON, PRO SE, <br> also known as <br> STEVIE ANDRE ROBERSON, <br> TDCJ-CID No. 1222812 <br> Previous TDCJ-CID #490472, <br> Previous TDCJ-CID #632442, <br> Previous TDCJ-CID #343368, <br><br> Plaintiff, <br><br> v. <br><br> YVONNE DAVIS, NFN DANIELS, <br> TIMOTHY SIMMONS, and <br> NATHANIEL QUARTERMAN, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | 2:09-CV-0093 |

**MEMORANDUM OPINION ADOPTING, IN PART,
THE REPORT AND RECOMMENDATION;
ORDER GRANTING MOTION TO DISMISS; AND ORDER OF DISMISSAL**

Plaintiff STEVIE ROBERSON, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

On June 25, 2009, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending the June 11, 2009 Amicus Curiae Motion to Dismiss be granted and that the instant cause be dismissed with prejudice as barred by limitations, dismissed with prejudice to being asserted again until the *Heck* conditions are met, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), and dismissed with prejudice as malicious.

Plaintiff filed his Objections on July 8, 2009 arguing this case contains no request for a return of accumulated goodtime credits, class, and custody status lost as a result of the challenged disciplinary case and, therefore, his claims fall under the exception to the *Heck* bar established by *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).

Plaintiff's claims against defendants DAVIS and DANIELS concern an allegation of excessive force covered up by an alleged false disciplinary case and violation of due process. Plaintiff first asserted these claims in civil rights cause no. 2:07-CV-0035, requesting, among other things, a return of accumulated goodtime credits, class, and custody status lost as a result of the challenged disciplinary hearing. At about the same time, plaintiff prosecuted a habeas challenge to the same disciplinary case maintaining he was eligible for mandatory supervised release and, therefore, for habeas relief. Plaintiff's civil rights claims against DAVIS and DANIELS were dismissed July 5, 2007 based upon *Heck*. Four months later, plaintiff moved to amend his complaint and the motion was denied. Plaintiff's habeas action was dismissed March 20, 2009, after the Court found plaintiff was not eligible for mandatory supervision.

Plaintiff re-asserts the same claims against defendants DAVIS and DANIELS in the instant cause that he earlier asserted in 2:07-CV-0035 but this time he requests only declaratory relief and monetary damages and, unlike in his 2:07-CV-0035 case, he no longer claims he lost eligibility for mandatory supervised release as a result of the disciplinary case. Plaintiff argues the *Heck* bar is not implicated in this case because his challenge threatens no consequence for his conviction or the length of his sentence.

The Magistrate Judge's analysis of these newly-defined claims was based primarily upon the Fifth Circuit's holding in *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000), that a former

prisoner who could not obtain habeas relief because he was no longer in custody, was barred by the *Heck* favorable termination doctrine from recovering damages under section 1983 for alleged unconstitutional confinement. *Randell* is still binding precedent in the Fifth Circuit, but is distinguishable from the instant cause. The *Randell* plaintiff could have obtained relief through habeas if he had acted in a timely manner and let both his habeas and his potential civil rights claims lapse through inaction. As plaintiff now pleads his action, no relief was ever available to ROBERSON through habeas and it appears plaintiff's claims against DAVIS and DANIELS fall under the exception to the *Heck* bar established in *Mohammed v. Close*.

The above analysis does not imply plaintiff's claims were incorrectly dismissed in 2:07-CV-0035. There, as here, plaintiff was proceeding *pro se* and was responsible for providing the necessary facts to the Court. If he failed in this regard, he must suffer the consequences.

In the instant cause, plaintiff presents a different set of facts, *i.e.*, that he is not eligible for mandatory supervised release and does not seek relief which would require application of the *Heck* favorable termination requirement. The Court concludes plaintiff's claims are not ruled by *Randell* and fall within the exception to *Heck* established by *Muhammed*.

Nevertheless, all the incidents giving rise to plaintiff's claims occurred in 2006, and the instant suit was filed in April of 2009. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Plaintiff requests equitable tolling because it was not until December 2008 that he learned a prior rape conviction rendered him ineligible for mandatory supervised release[1]. Plaintiff

---

[1] See plaintiff's May 7, 2009 Show Cause response at page 2 and plaintiff's July 8, 2009 Objections at page 6.

argues, contradictorily, that this ineligibility was an "injury" flowing from the challenged disciplinary hearing; however, as plaintiff has stated, it is a result of his earlier rape conviction and is unrelated to the challenged disciplinary case.

Further, plaintiff argues he should receive equitable tolling because, where a litigant files a suit in one court and then re-files in another, limitations does not run during the pendency of the first suit. Where state statutes of limitation are borrowed, state tolling principles are the "primary guide" of the federal court, and may be disregarded only where the state tolling rule is inconsistent with federal policy. *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir. 1993) (citing *F.D.I.C. v. Dawson*, 4 F.3d 1303 (5th Cir. 1993). The Texas tolling provision which appears to be implicated here is the general Texas practice that, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, that time is not counted against him in determination whether limitations have run. *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993) (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).

However, plaintiff was not prevented from exercising his right to a legal remedy by the pendency of either his civil rights action 2:07-CV-0035 or his habeas action 2:06-CV-0258. To the contrary, cause no. 2:07-CV-0035 was the very vehicle by which plaintiff could exercise his right to such remedy. Plaintiff's failure to provide accurate facts to the Court in that cause resulted in its dismissal. Thus, there is no application of the Texas tolling provision to plaintiff's claims presented in the present suit.

For the reasons set forth above, it appears the Statute of Limitations applies in the instant case without tolling and operates as a bar to plaintiff's claims. Because they are barred by the statute of limitations, plaintiff's claims against defendant DAVIS and DANIELS are without an

arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). As to plaintiff's claims against the remaining defendants, they, too, occurred in 2006, and are also barred by limitations and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as plaintiff's Objections.

The Court is of the opinion that the objections of the plaintiff's Objections should be OVERRULED and the Report and Recommendation should be ADOPTED, IN PART by the United States District Court, AS SUPPLEMENTED HEREIN.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT IN PART the Report and Recommendation of the United States Magistrate Judge, AS SUPPLEMENTED HEREIN.

IT IS THEREFORE ORDERED that the Amicus Curiae motion to dismiss is GRANTED and this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

SIGNED AND ENTERED this ___17th___ day of December, 2009.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE